# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2780

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Nathaniel Hughes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: January 15, 2003

Filed: February 3, 2003

———————

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

———————

PER CURIAM.

After the District Court[1] denied Nathaniel Hughes's motion to suppress evidence found during a protective sweep of his girlfriend's apartment that took place while police officers were there to arrest him pursuant to a warrant, Hughes entered an unconditional guilty plea to one count of conspiracy to distribute crack cocaine. Two months later, he filed a motion to withdraw his plea, which the District Court

———————

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

denied. In this appeal, Hughes presents one issue: whether the search of his girlfriend's apartment was unconstitutional.[2]

Because an unconditional guilty plea forecloses a defendant's right to challenge any of the prosecution's case, jurisdictional challenges excepted, we cannot review the constitutionality of the search of his girlfriend's apartment. See United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994). Hughes could have preserved his right to appeal the denial of his suppression motion had he entered a conditional guilty plea, see Fed. R. Crim. P. 11(a)(2), but he failed to do so.

Even if Hughes had not waived his right to appeal the denial of his suppression motion by entering an unconditional plea of guilty, there is no merit to his claim that the search of his girlfriend's apartment violated his Fourth Amendment rights. We have carefully reviewed this claim and are satisfied that, in the circumstances of this case, the protective sweep of the apartment was entirely reasonable. Given that Hughes was known to be linked to a violent street gang and that his girlfriend's apartment was unfamiliar territory to the officers, the officers had good reason to be concerned that another person or persons might be in the apartment posing a danger to the officers' safety. See Maryland v. Buie, 494 U.S. 325, 334 (1990).

By entering an unconditional guilty plea, Hughes waived his right to challenge the denial of his suppression motion. Accordingly, we dismiss this appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Hughes has not appealed the denial of his motion to withdraw his guilty plea.

-2-